## SUPREME COURT OF JUDICATURE

#### OF THE

## STATE OF VERMONT.

---

### WINDHAM COUNTY, AUGUST TERM,
### A. D. 1802.

---

*JONATHAN ROBINSON,* Chief Judge.
*ROYALL TYLER,* } *Assistant Judges.*
*STEPHEN JACOB,* }

---

JOSHUA HYDE, Appellant,
*against*
DAVID LEAVITT, Administrator of GRIFFIN,
Appellee.

When a party against whom an action is brought, dies before the essoin day, the plaintiff cannot, by docketing his action on the return of a *scire facias*, compel the administrator to appear and defend the suit under the 73d section of the judiciary act, even if the right of action survives.

THE plaintiff had brought an action against *Griffin*, and declared in general *indebitatus assumpsit.* The writ was made returnable to *Windham* County Court, *June* term, 1801, and service commenced by

attaching *Griffin's* property on the 31st of *December*, 1800, and completed by leaving an attested copy of the process with him, on the 26th of *May*, 1801. *Griffin* deceased on the 7th of *June* following, being the day before the essoin day. On the 8th of *June*, being the first day of the term, the plaintiff entered his action, *Joshua Hyde* v. *John Griffin*, and suggested *Griffin's* death on the record. The cause was continued to the next term of the County Court. In the interim the plaintiff purchased out his writ of *scire facias* against *Leavitt*, to show cause why he should not become a party to the suit, as administrator to the intestate. On the return of the *sci. fa.* *Leavitt* appeared, and pleaded in abatement. The County Court rendered judgment for the administrator, and the cause came by appeal to this Court. At this term the plea was argued and decided.

The whole matter in dispute rested on the true construction of the 73d section of the judiciary act,

" That when any suit shall be *pending* in any Court of Record in this State, and either of the parties shall die before final judgment, the executor or administrator of such deceased party, who was plaintiff, petitioner, or defendant, in case the cause of action doth by law survive, shall have full power to prosecute or defend any such suit or action to final judgment, and the defendant or defendants shall be holden to answer thereto accordingly ; and the Court before whom such cause may be pending is hereby empowered and directed to hear and determine the same, and to render judgment for or against the executor or administrator, as the case may require ; and if such executor or administrator, having been duly served with a *scire facias* from the clerk of the Court where

*Margin notes:*

Hyde
v.
Leavitt.

Vermont Stat. vol 1. c. vi. s. 73. p. 82, 83.

*Hyde*
*v.*
*Leavitt.*

such suit is pending, twelve days before the session of the Court to which such writ is returnable, shall neglect or refuse to become a party to the suit, the Court may render a judgment against the estate of the deceased party, in the same manner as if the executor or administrator had voluntarily made himself a party to the suit. But if there be no executor or executors, administrator or administrators, elected or appointed, such action or suit, on suggestion of such death as aforesaid, shall be continued of course, until an executor or executors, administrator or administrators, shall be elected or appointed agreeably to law; and the executor or administrator, who shall become a party as aforesaid, shall, upon motion to the Court where the suit is pending, be entitled to a continuance of the same until the next term of the said Court. And if there be two or more plaintiffs or defendants, and one or more of them die, if the cause of action survive to the surviving plaintiff or plaintiffs, or against the surviving defendant or defendants, the writ or action shall not be thereby abated; but such death being suggested upon the record, the action shall proceed at the suit of the surviving plaintiff or plaintiffs against the surviving defendant or defendants."

And the question is, was the action of *Hyde* v. *Griffin* ever pending in the County Court; for if it were, the administrator of the intestate might well be cited by the *sci. fa.* to become a party to it.

The counsel for the plaintiff argued, that this suit was there *pending*.

First. That the very definition of an action as *Co. Litt. 285.* given in *Coke on Littleton*, implies its pendency from the time of its institution. " *Actio nihil aliud est*

*quam jus prosequendi in judicio quod sibi debetur.*" When is the *jus prosequendi* put into operation by the plaintiff? for until that time it is a mere right, but at the service of the writ. The adverse party is then created defendant, and invested with all his rights. If the plaintiff fail to appear and prosecute as defendant, he may enter for costs: but whence his right to enter, if no suit had ever been *pending?*

That the common law expression, *pendente lite*, always included the action from its commencement, and is not applied exclusively to the suit after the return of the *præcipe*, and docketing the action by the Clerk of the Court.

That in the case of *Comb*, Esquire, v. *Pitt*, the question was, whether another action in the same term could be pleaded in bar to a popular action. To have availed in bar, it must have been an action pending prior to the commencement of the popular action. In the whole course of the arguments of the learned counsel, as well as in the opinion of the Court, these actions were considered to have been pending from the commencement of the several suits; and the priority of either the action of debt or the *latitat*, was the point mooted. *Burrow's Reports*, vol. 3. p. 1423.

So in the case of *Jackson* v. *Gesling*, *Strange's Reports*, 1169.

So the County Court considered by suffering the action against *Griffin* to remain upon their docket.

Secondly. The act explains itself sufficiently in the latter part of the section read; " and if there be two or more plaintiffs or defendants, and one or more of them dies, if the cause of action survive to the surviving plaintiff or plaintiffs, or against the surviving

defendant or defendants, the *writ* or *action* shall not be thereby abated," &c. that here is a distinction made between the *writ* and the *action*, and it was inserted in the statute to save causes which had already been commenced, and where a party had died before the essoin day.

Thirdly, That no sufficient reason can be shown why the action upon the decease of a party should not survive after its commencement by service of the writ, as well as after its being entered on the Clerk's docket.

For the defendant it was insisted, that however a cause might be said to be pending at common law, from the commencement of the suit by the service of the writ, yet the expression of the statute qualifies the general intent of actions or suits pending. The administrator cannot be brought into Court as a party in all suits, but only in such as " shall be pending *in any Court of Record*,",and this is further manifest from the next clause, and " either of the parties shall die," *not before the suit is entered*, but " before final judgment," and further, by the provision that the death of the party shall be suggested on *the record;* for there can be no record whilst the suit has proceeded no farther than mesne process. A continuance in a certain case is directed, which implies an action in Court.

That the expression " *writ or action*" does not make the distinction contended for, these terms being used synonymously, and not in opposition, and the latter part of the section is still contemplating actions or suits described in the former part. That the expression " when any suit shall be pending in any

Court of Record in this State, and either of the parties shall die before final judgment, &c. in case the cause of action doth by law survive," is the keystone of the section, and all which follows is dependent upon it.

That the action of *Hyde* v. *Griffin* died with the latter at common law, and could not be resuscitated but by statute, which it appears not to be; and no reason need be given why the Legislature have not willed to revive suits which were merely commenced by service of the writ, and not entered in Court until after the decease of a party.

*Opinion of the Court.*

The Chief Judge delivered the opinion of the Court.

The Court had ever considered this section of the statute as too explicit to admit of doubt, misconstruction, or controversy. The object of the statute is to save the useless expenditure of costs. Actions might frequently be brought, be zealously litigated, and great costs accrue to the injury of a party, and the encumbrance of the Court records, which actions might abate by common law on the death of a party. If the cause of action survived, such action might be recommenced for or against the legal representatives of the deceased, but the former costs would be lost, and the former proceedings become a dead letter; to remedy which this section, embodied with the judiciary act at the revision of the statutes in 1797, but formerly in force as a section of the act " empowering executors and administrators to prosecute and defend suits where one of the parties die pending the suit," was enacted.

*Hyde*
*v.*
*Leavitt.*

Passed *Nov.* 1, 1791. *Hasw.* edit. of the Statutes, p. 275.

Hyde
v.
Leavitt.

It is now contended, that upon the decease of a person, all actions which have been commenced against him by the service of the writ in his life-time, though they should not be entered in Court until after his decease, are included in this 73d section of the judiciary act; and that consequently the legal representatives of the deceased may by *scire facias* be brought in to appear and made party to such suits.

The Court are decidedly of opinion, that neither the spirit or the letter of the 73d section of the judiciary act reach cases where a party dies before the action is entered in Court.*

Judgment for the defendant.

*Jedediah Stark*, for plaintiff.

*Samuel Knight* and *Daniel Farrand*, for defendant.

---

* At their *October* sessions, A. D. 1804, the General Assembly passed an act, by the 2d section of which they enacted, " that when any suit shall be commenced, and either of the parties shall die before the same is entered in Court, there shall be the same right for or against executors or administrators, of entering and prosecuting the same, as by law now exists for the prosecuting a suit which is *pending* in Court at the time of the death of either of the parties. *Vermont* Statutes, vol. 1. p. 104.